Bobbie L. SHERROD, et al.,
Plaintiffs–Appellants,

v.

GENERAL MOTORS CORPORATION,
Defendant–Appellee.

No. 93–3707.

United States Court of Appeals,
Sixth Circuit.

Argued May 13, 1994.

Decided Aug. 30, 1994.

Richard G. Ross (argued), Douglas J. Paul (briefed), Carolyn K. Matheson, Chattman, Sutula, Friedlander & Paul, Cleveland, OH, for plaintiffs-appellants.

James A. Rydzel, Barbara J. Leukart (argued and briefed), Jones, Day, Reavis & Pogue, Cleveland, OH, Stuart R. Cohen, General Motors Corp., Detroit, MI, for defendant-appellee.

Before: RYAN and NORRIS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.

ALAN E. NORRIS, Circuit Judge.

Plaintiffs Bobbie Sherrod and 117 other former General Motors ("GM") employees appeal the district court's order of summary judgment for defendant, GM, on their ERISA claims. We affirm the order of the district court because 117 of the plaintiffs raise issues concerning collectively bargained plans that do not qualify as ERISA plans and the remaining plaintiff failed to allege a cause of action pertaining to an ERISA benefit plan.

## I.

In 1984, GM entered a collective bargaining agreement with the United Auto Workers. As part of that agreement, GM agreed to offer certain employment benefit options, including the Job Opportunity Bank Security Program ("JOBS Bank"), the JOBS Voluntary Termination of Employment Program ("VTEP"), and the JOBS Pension Program.

The JOBS Bank provided for alternative work through GM for employees who otherwise would lose their manufacturing jobs as the result of technological innovations. Under that program, employees could continue to enjoy their full wages, benefits, and seniority rights while performing non-manufacturing jobs, such as clerical or community work, until they were offered employment in another full-time manufacturing position with GM. The JOBS Bank was not separately funded; all payments made to participants came from GM's general operating funds, and GM was not obligated to continue the program once it expended a certain amount of funds. After that funding level was attained, GM was free to permanently lay off employees whose former jobs were lost to technological innovations.

Under the VTEP program, GM agreed to pay collectively bargained predetermined lump-sum benefits to employees eligible for the JOBS Bank who voluntarily left GM and relinquished their seniority rights. And, finally, the JOBS Pension Program provided pension benefits unreduced by age for employees who met certain conditions and retired early in accordance with one of GM's established pension plans.

In 1987, GM closed its Fisher Guide Plant in Elyria, Ohio. All of the plaintiffs were employed there and were eligible for and participated in the JOBS Bank. They submitted affidavits stating that they were told the JOBS Bank would be terminated in Elyria within a short time and that they should therefore either accept early retirement under the JOBS Pension Plan, which one of the plaintiffs did, or accept a VTEP buyout, which all of the remaining plaintiffs did. At least one of the plaintiffs also claims that she was told the VTEP would "not be available for long"; others claim they were told that it would be closing shortly.

According to the plaintiffs, both the JOBS Bank and the VTEP buyouts lasted longer than they had been led to believe, and a number of employees who did not accept the VTEP buyout were later placed in jobs in GM's Parma, Ohio, plant. At least one plaintiff claims that she had inquired about jobs at that plant before accepting the JOBS Pension Plan and that she was told the plant would not be hiring. A number of the plaintiffs have applied for jobs at the Parma plant, but none has been hired.

Plaintiffs' complaint alleged that GM breached its fiduciary duty under ERISA by misrepresenting the ending date of the JOBS Bank and thereby denying them work and benefits that would have been available had they remained in the program and been reassigned to another GM plant.[1]

---

1. The district court ruled adversely to plaintiffs on other issues raised in their complaint. These issues either have not been appealed or are moot in light of our disposition of the issues addressed in this opinion.

## II.

The district court awarded summary judgment to GM because it concluded that neither the JOBS Bank nor the VTEP was a benefit plan covered by ERISA. We agree.

ERISA does not purport to cover all programs that benefit employees. Instead, its coverage is limited to employee welfare benefit plans, which are defined as

> any plan, fund, or program ... established or maintained by an employer or by an employee organization ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services....

29 U.S.C. § 1002(1).

■■■ Plaintiffs argue that the JOBS Bank is an employee welfare plan because it is an unemployment benefit. But that cannot be, since the JOBS Bank is not triggered by loss of employment; it is triggered, rather, by the planned elimination of an employee's position for certain specified reasons, such as technological obsolescence. The JOBS Bank provides continuing non-manufacturing employment for GM employees until manufacturing positions open up within the company. The plan pays wages for work performed, even if that work is different from that which an eligible GM employee is accustomed to perform. As the Supreme Court noted in its opinion in *Massachusetts v. Morash*, 490 U.S. 107, 115, 109 S.Ct. 1668, 1673, 104 L.Ed.2d 98 (1989), Congress did not choose to regulate "the danger of defeated expectations of wages for services performed" through ERISA. *Id.*

As support for their position that the VTEP is an ERISA plan, plaintiffs point to this court's opinion in *Drennan v. General Motors Corp.*, 977 F.2d 246 (6th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993). The *Drennan* litigation involved GM's VTEP, and in that case we assumed without deciding, as neither party raised the issue on appeal, that the VTEP was an ERISA plan. Because we actually did not address the issue of whether the VTEP is an ERISA plan, that opinion is not binding precedent as to that issue.[2]

■■■ An employee benefit is regulated by ERISA only if it is administered through a "plan, fund, or program" established to provide benefits under any of the covered categories. In determining whether a "plan, fund, or program" exists, a court should focus on whether the employee benefit requires an administrative scheme to execute. *See Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 15, 18, 107 S.Ct. 2211, 2219, 2221, 96 L.Ed.2d 1 (1987); *Wells v. General Motors Corp.*, 881 F.2d 166, 176 (5th Cir.1989) (holding the VTEP is not an ERISA plan), *cert. denied*, 495 U.S. 923, 110 S.Ct. 1959, 109 L.Ed.2d 321 (1990); *see also Kulinski v. Medtronic Bio–Medicus, Inc.*, 21 F.3d 254 (8th Cir.1994) (holding "golden parachute" for executives not an ERISA plan); *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1539 (3d Cir.1992) (holding one-time severance benefit as part of buyout plan is not an ERISA plan). In determining whether an ERISA plan exists,

> [t]he pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits. Simple or mechanical determinations do not necessarily require the establishment of such an administrative scheme; rather, an employer's need to create an administrative system may arise where the employer, to determine the employees' eligibility for and level of benefits, must analyze each employee's particular circumstances in light of the appropriate criteria.

*Kulinski*, 21 F.3d at 257.

■■■ In *Wells*, the Court of Appeals for the Fifth Circuit examined GM's VTEP and de-

---

**2.** As plaintiffs did not address the issue of collateral estoppel below, we do not address its applicability to the current case.

termined it was not an ERISA plan because "GM established a procedure by which employees could elect to receive a one-time lump payment if they ceased working at the plant. The plan was not ongoing, nor was there any need for continuing administration of the payment program." *Wells*, 881 F.2d at 176. Once the VTEP is offered to workers in a particular JOBS Bank, the eligible employees and the amount of the severance benefit are predetermined through the collective bargaining process; therefore, GM does not exercise any discretion over the execution of the VTEP. Accordingly, we agree with the *Wells* court that the VTEP is not an ERISA employee welfare plan.

Apparently, one of the plaintiffs, Edith Shannon, accepted early retirement through the JOBS Pension Program. The pension program is clearly regulated by ERISA. Nevertheless, the district court correctly entered summary judgment against Shannon because the complaint does not allege that GM breached its fiduciary duty as it relates to the pension program; rather, the complaint focuses on misrepresentations made concerning the JOBS Bank.

### III.

For the foregoing reasons, the grant of summary judgment in favor of defendant is **affirmed.**